# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOHN TUOZZO | Case Number: CR-12-478-1 |
| | USM Number: 81522-053 |
| | JOSEPH CONWAY, ESQ. |
| | Defendant's Attorney |

**FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ MAY 30 2013 ★
LONG ISLAND OFFICE**

**THE DEFENDANT:**

X pleaded guilty to count(s)   ONE (1) OF THE INFORMATION

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1349 AND 1344 | CONSPIRACY TO COMMIT BANK FRAUD | JUNE 2010 | ONE (1) |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ is   are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MAY 14, 2013
Date of Imposition of Judgment

s/ Sandra J. Feuerstein
Signature of Judge

SANDRA J. FEUERSTEIN, U.S.D.J.
Name and Title of Judge

MAY 30, 2013
Date

DEFENDANT: JOHN TUOZZO
CASE NUMBER: CR-12-478-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TWELVE (12) MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X before 2 p.m.   ON JULY 10, 2013 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOHN TUOZZO
CASE NUMBER: CR-12-478-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

FIVE (5) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOHN TUOZZO
CASE NUMBER: CR-12-478-1

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall comply with restitution order.

2. The defendant shall perform 200 hours of community service in a manner and at a rate approved by the US Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is complete.

3. The defendant shall make full financial disclosure to the Probation Department.

4. 6 Months electronic monitoring, and the defendant shall reimburse the Probation Department for the costs of this service at the prevailing rate.

5. The defendant shall comply with forfeiture order.

DEFENDANT: JOHN TUOZZO
CASE NUMBER: CR-12-478-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 2,800,000.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Exhibit A for victim and restitution information. | 2,800,000.00 | 2,800,000.00 | |
| **TOTALS** | $ 2800000 | $ 2800000 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for ☐ fine   restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN TUOZZO
CASE NUMBER: CR-12-478-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** X Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    x  in accordance  ☐ C,  ☐ D,  ☐ E, or  x F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

    $2,800,000.00 restitution imposed, without interest, due immediately, and payable at the rate of $25 per quarter while incarcerated and 10% of monthly gross income while on supervision. See Exhibit A for victim and restitution information.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

x The defendant shall forfeit the defendant's interest in the following property to the United States:
See Final Order Of Forfeiture singed by Judge Feuerstein on 5/14/2013 and attached to this Judgment.

included these losses in the defendant's guideline calculations pursuant to Guideline 1B1.3. The Court may consider this conduct to be an aggravating factor at sentencing, however.

**Victim Impact**

14. A total of 11 banks were victimized during the instant offense. An affidavit of loss was sent to all of the banks, and as of this writing, no response has been received from any of them. The restitution figures set forth below were provided to the case agent by the banks. For the loans that are still in foreclosure or delinquent status, the restitution amount is set forth below as unknown. Since they participated in the entire scheme, Hope Edmond and Winston Scully are responsible for the entire amount. **John Tuozzo** is held responsible for the transactions which he participated in as a mortgage broker. As stated above, **Tuozzo** is responsible for $2,234,700 in losses, and that amount of restitution would be owed, were it not for his agreement to pay at least $2,800,000 in restitution. As the straw buyers were only involved in specific transactions and were unaware of each other's involvement, they are accountable for only the amounts related to those transactions.

| Victim | Property Address | Defendants Accountable | Restitution Amount |
|---|---|---|---|
| Bank of America 100 North Tryon Street Charlotte, NC 28202 | 2025 Crockett Court Irving, Texas | Edmond, Scully, and Jenkins | $493,197 |
| | 2759 Len Drive Bellmore, New York | Edmond, Scully, Curry and **Tuozzo** | Unknown |
| PNC Bank 249 5th Avenue, Suite 30 Pittsburgh, PA 15222 (formerly National City Bank) | 2025 Crockett Court Irving, Texas | Edmond, Scully, and Jenkins | $236,699 |
| | 61 Miller Avenue Freeport, New York | Edmond, Scully, Javier and **Tuozzo** | $140,000 |
| | 118 West 132nd Street, New York, New York | Edmond, Scully, Donaldson, and **Tuozzo** | $315,949 |
| GMAC 200 Renaissance Drive Detroit, MI 48201 | 2759 Len Drive Bellmore, New York | Edmond, Scully, Donaldson and **Tuozzo** | $144,801 |
| | 777 Imperial Drive Baldwin, New York | Edmond, Scully, Donaldson, and **Tuozzo** | $131,492 |

| | | | |
|---|---|---|---|
| | | | |
| | 94 Glenmalure Street Amityville, New York | Edmond, Scully, and **Tuozzo** | Unknown |
| Saxon Mortgage 3701 Regent Boulevard #200 Irving, TX 75063 | 4 Alpine Drive Syosset, New York | Edmond, Scully, Curry and **Tuozzo** | Unknown |
| | 118 West 132nd Street New York, New York | Edmond, Scully, Donaldson and **Tuozzo** | **$565,604** |
| Litton Loan Servicing 4828 Loop Central Drive Houston, TX 77081 | 4 Alpine Drive Syosset, New York | Edmond, Scully, Curry and **Tuozzo** | **$213,860** |
| Chase Manhattan Mortgage 3415 Vision Drive Columbus, OH 43219 | 2 Loebel Street Selden, New York | Edmond, Scully, Curry and **Tuozzo** | **$200,024** |
| One West Bank 888 East Walnut Street Pasadena, CA 91101 | 651 Miller Avenue Freeport, New York | Edmond, Scully, Javier and **Tuozzo** | Unknown |
| Select Portfolio Services 3815 S. West Temple Salt Lake City, UT 84115 | 949 West Shelley Road, North Bellmore, New York | Edmond, Scully, Javier, Estrada and **Tuozzo** | **$95,000** |
| Countrywide 4500 Park Granada Calabasas, CA 91302 | 18 Elliot Place, Merrick, New York | Edmond, Scully, Javier, and **Tuozzo** | Unknown |
| EMC Mortgage Corp. 2780 Lake Vista Drive Lewisville, TX 75067 | 777 Imperial Drive Baldwin Harbor, New York | Edmond, Scully, Donaldson, and **Tuozzo** | **$263,918** |
| Chase 3401 Morse Crossing Columbus, OH 43219 | 22 Grant Street, Freeport, New York | Edmond, Scully and **Tuozzo** | **$164,052** |
| | | **TOTAL** Attributable to **Tuozzo** | **$2,234,700** |